# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.D., J.D.-1, M.R., and N.R.**

**No. 17-0927** (Barbour County 15-JA-35, 36, 37, and 38)

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, J.D.-2, by counsel Keith Skeen, appeals the Circuit Court of Barbour County's April 12, 2017, order terminating her parental rights to K.D., J.D.-1, M.R., and N.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and making findings of facts not based on evidence.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 15, 2015, petitioner was taken to the hospital for a drug overdose. She tested positive for benzodiazepines, amphetamine, methamphetamine, and opiates. On August 20, 2015, the DHHR filed an abuse and neglect petition alleging that petitioner failed to provide proper care, food, and supervision to her children due to her drug abuse. The DHHR also alleged that petitioner gave her food stamp card to a friend instead of using it to provide food for her children. Petitioner waived her preliminary hearing. On January 21, 2016, following a continuance of the original adjudicatory hearing due to petitioner's admission to inpatient drug treatment, petitioner stipulated that her drug abuse caused her to fail to provide proper care for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner have the same initials, they will be referred to as J.D.-1 and J.D.-2, respectively, throughout this memorandum decision.

[2]Petitioner does not raise a specific assignment of error regarding termination of her parental rights.

1

her children. Petitioner was adjudicated as an abusing parent and granted a post-adjudicatory improvement period. On July 7, 2016, the circuit court held a review hearing wherein the DHHR presented testimony that petitioner failed to comply with drug screens. The DHHR also presented testimony that petitioner was a passenger in a vehicle in which drugs were confiscated pursuant to a traffic stop.

On September 7, 2016, the circuit court held a dispositional hearing wherein petitioner moved for a post-dispositional improvement period, which the circuit court denied. According to the DHHR, petitioner initially complied with some services, but she failed to consistently submit to drug screens as ordered, obtain proper housing, and participate in therapy to address her addiction issues. Further, petitioner moved to Virginia at the end of her post-adjudicatory improvement period and after the dispositional hearing was scheduled. She failed to disclose her move to her multidisciplinary team until after the move was completed. The DHHR alleged that petitioner's move to Virginia hindered her ability to participate in services. Petitioner testified that she moved to Virginia to live with her mother and to get away from certain friends and a drug abusing environment. The guardian testified that petitioner missed months of drug screens before she moved to Virginia and she voiced concerns regarding how the DHHR would monitor an improvement period in Virginia. The DHHR opposed granting petitioner a post-dispositional improvement period given that the case had been ongoing for over a year. The circuit court found that services could not be properly monitored in Virginia and, due to petitioner's failure to comply with services while she lived in West Virginia, she was unlikely to comply with services while living in Virginia. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of petitioner's parental rights was in the children's best interests. The circuit court re-entered the dispositional order on April 12, 2017, for purposes of appeal.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]The parental rights of the children's fathers were also terminated below. The permanency plan for the children is adoption by the current foster family.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period because under West Virginia Code § 49-4-604(b)(7), she should be granted an improvement period unless the DHHR is not required to make reasonable efforts to preserve the family due to aggravated circumstances. Petitioner argues that because aggravated circumstances do not exist here, she should be granted an improvement period. We disagree, as petitioner misstates the burden to receive an improvement period. West Virginia Code § 49-4-610(3)(D) provides that in order to obtain a post-dispositional improvement period after having already received an improvement period, a parent must show that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that the parent "shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period."

On appeal, petitioner admits that during her post-adjudicatory improvement period, she missed drug screens. Further, the record shows that petitioner failed to secure housing and failed to participate in therapy. Petitioner argues that she participated in treatment and obtained housing in Virginia; however, petitioner moved to Virginia without first discussing the move with her multidisciplinary team. The DHHR and guardian both raised concerns about the move, and the circuit court found that the DHHR would not be able to appropriately monitor services in Virginia. Further, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Moreover, petitioner failed to prove a substantial change in circumstances sufficient to warrant the granting of an additional improvement period.

Petitioner further argues that she should have been granted an improvement period to address abuse and neglect issues because she admitted to the allegations in the petition. However, petitioner ignores the fact that she was granted a post-adjudicatory improvement period and failed to comply with its terms and conditions. Finally, petitioner argues that in the time since the dispositional hearing, she has proven that she would comply with an improvement period. However, we cannot consider assertions of improvements after the dispositional hearing, as there is no evidence in the record of such. Therefore, we find no error in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

Next, petitioner argues that the circuit court erred in making findings of fact not supported by evidence. We disagree and find this argument without merit. The DHHR presented evidence at the July 7, 2016, review hearing that petitioner was a passenger in a vehicle in which drugs were confiscated pursuant to a traffic stop. In its dispositional order, the circuit court found that petitioner was stopped in a vehicle with drugs in it. On appeal, petitioner maintains that she did not know the driver personally and did not know the driver had marijuana and paraphernalia in her purse, but admits that she was in the vehicle when it was stopped. Moreover, the circuit court's finding regarding the traffic stop was supported by evidence presented by the DHHR, and petitioner's own admission confirms the same. Therefore, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 12, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 12, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4